IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GAIL L. BLOCKER,                          6:12-CV-00450-BR

          Plaintiff,                      OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

          Defendant.


KATHRYN TASSINARI
ROBERT A. BARON
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

          Attorneys for Plaintiff

_____

        [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2240

        Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Gail L. Blocker seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for SSI and DIB on January 23, 2009, and alleged a disability onset date of April 1, 2008.  Tr. 133-146.[2]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 8, 2010.  Tr. 26.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on January 7, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 9-25.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6.

## BACKGROUND

Plaintiff was born on November 15, 1973, and was 37 years old at the time of the hearing.  Tr. 133.  Plaintiff graduated from high school and earned a professional office diploma at Trend Business College.  Tr. 33.  Plaintiff has past relevant work experience as a billing clerk, data entry clerk, and electronics inspector.  Tr. 73.

Plaintiff alleges disability due to pancreatitis,

---

[2]  Citations to the official transcript of record filed by the Commissioner on August 17, 2012, are referred to as "Tr."

gastroparesis, irritable bowel syndrome (IBS), fibromyalgia, migraines, and syncope.  Tr. 221.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 16-19.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]

but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d

at 690).

     The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving

ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision.  *Ryan v.

Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even

when the evidence is susceptible to more than one rational

interpretation, the court must uphold the Commissioner's findings

if they are supported by inferences reasonably drawn from the

record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).

The court may not substitute its judgment for that of the

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).


## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

     At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a

day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date of April 1, 2008. Tr. 14.

At Step Two the ALJ found Plaintiff has the severe impairments of morbid obesity, fibromyalgia, headaches, and episodic IBS/pancreatitis. Tr. 15. The ALJ found Plaintiff's asthma and reported symptoms of anxiety to be nonsevere. *Id.*

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926 of 20 C.F.R. part 404, subpart P, appendix 1. *Id.* The ALJ found Plaintiff has the RFC to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). *Id.*

At Step Four the ALJ concluded Plaintiff is capable of performing her past relevant work as a billing clerk, data entry clerk, and electronics inspector. Tr. 19. Accordingly, the ALJ found Plaintiff not disabled. *Id.*

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of treating physician Martin Hurtado, M.D.; (3) improperly omitted Plaintiff's diagnosis of gastroparesis at

8 - OPINION AND ORDER

Step Two; (4) failed to develop the record regarding Plaintiff's mental impairments; (5) failed to address the effect of Plaintiff's obesity when assessing Plaintiff's RFC; and (6) improperly found Plaintiff capable of performing her past relevant work at Step Four.

**I.   The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id.*  The ALJ must identify "what

9 - OPINION AND ORDER

testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified at the hearing that she suffers from debilitating pain and is totally nonfunctioning for two weeks out of every month. Tr. 48, 75. In her Function Report, however, Plaintiff stated she was able to independently manage her personal care including grooming and hygiene, to prepare simple meals, to do laundry, to fold clothes, to feed animals, to go outside, to drive a vehicle, and to go shopping. Tr. 230-239. The ALJ noted "[s]uch activities are not consistent with an individual suffering from debilitating pain," and found Plaintiff's subjective symptom testimony was not credible. Tr. 18.

The ALJ also considered the medical evidence when he evaluated Plaintiff's credibility. *See Smolen*, 80 F.3d at 1284-85. The ALJ credited the opinion of treating physician Anna Hejinian, M.D., that a "fairly marked disparity" exists between Plaintiff's symptoms and her clinical picture. Tr. 17, 496. For example, Dr. Hejinian's treatment notes reflect Plaintiff "laughing, telling jokes with a companion, quite comfortable and in no visible distress," with "no trouble lying down on the exam table or sitting back up." Tr. 496. Dr. Hurtado's 2010 treatment notes also reveal Plaintiff was alert, fully oriented, and in "no acute distress." Tr. 644. This evidence conflicts

10 - OPINION AND ORDER

with the alleged severity of Plaintiff's symptoms, and the ALJ
reasonably concluded Plaintiff's testimony regarding her
limitations was exaggerated.  Tr. 14.  *See Plunk v. Astrue*,
No. 6:11-cv-06286-SI, 2013 WL 1412942, at *8 (D. Or. Apr. 8,
2013)(inconsistencies within the record are clear and convincing
reasons for rejecting a claimant's testimony)(*citing Smolen*, 80
F.3d at 1284).

On this record the Court concludes the ALJ provided clear
and convincing reasons supported by substantial evidence in the
record for finding Plaintiff's testimony not entirely credible as
to the intensity, persistence, and limiting effects of her
condition.  The Court, therefore, concludes the ALJ did not err
when he rejected Plaintiff's testimony.

## II.   The ALJ did not err when he rejected the opinion of Dr. Hurtado.

Plaintiff contends the ALJ erred when he rejected the
opinion of Dr. Hurtado.

An ALJ may reject a treating physician's opinion when it is
inconsistent with the opinions of other treating or examining
physicians if the ALJ makes "findings setting forth specific,
legitimate reasons for doing so that are based on substantial
evidence in the record."  *Lingenfelter v. Astrue*, 504 F.3d 1028,
1042 (9th Cir. 2007).  When the medical opinion of a treating
physician is uncontroverted, however, the ALJ must give "clear
and convincing reasons" for rejecting it.  *Lester*, 81 F.3d at

11 - OPINION AND ORDER

830-32.  "The opinion of an examining physician is, in turn,
entitled to greater weight than the opinion of a nonexamining
physician." *Id.*

A nonexamining physician is one who neither examines nor
treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a
nonexamining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician."  *Id.* at 831.  When
a nonexamining physician's opinion contradicts an examining
physician's opinion and the ALJ gives greater weight to the
nonexamining physician's opinion, the ALJ must articulate her
reasons for doing so.  *See, e.g., Morgan v. Comm'r*, 169 F.3d 595,
600-01 (9th Cir. 1999).  A nonexamining physician's opinion can
constitute substantial evidence if it is supported by other
evidence in the record.  *Id.* at 600.

Dr. Hurtado treated Plaintiff for several years prior to
2009.  Tr. 659.  His treatment records confirm Plaintiff's
diagnoses of gastroparesis, IBS, pancreatic disease,
fibromyalgia, migraine headaches, and chronic pain.  Tr. 381-383,
458-618, 644-657.  In 2009 Dr. Hurtado opined Plaintiff is
permanently disabled by her medical conditions.  Tr. 659.

Dr. Hurtado's opinion was controverted by the opinions of
nonexamining physicians Richard Alley, M.D., and Sharon Eder,
M.D., both of whom concluded Plaintiff was capable of performing

12 - OPINION AND ORDER

light work.  Tr. 623-631.  Thus, the ALJ was only required to
provide specific, legitimate reasons for rejecting Dr. Hurtado's
opinion.  *Morgan*, 169 F.3d at 600-01.

The ALJ provided specific, legitimate reasons for rejecting
Dr. Hurtado's controverted opinion.  First, Dr. Hurtado's opinion
that Plaintiff is unable to work was inconsistent with his own
objective findings.  In 2008 Dr. Hurtado opined Plaintiff's
condition had improved significantly and that Plaintiff denied
any myalgias or abdominal pain.  Tr. 503.  Consecutive treatment
notes from 2008 and 2009 document Plaintiff "[d]oing well since
her last visit" and "den[ying] any recent bouts of epigastric
pain."  Tr. 505, 507.

Second, Dr. Hurtado's opinion was unaccompanied by objective
findings to substantiate his opinions.  For example, medical
imaging of Plaintiff's chest were "within normal limits," and EKG
and cardiac monitor testing were unremarkable.  Tr. 525, 530.
Anna Hejinian, M.D., treating physician opined Plaintiff's
"report of dramatic symptoms" was at odds with her demeanor on
examination.  Tr. 496.  Dr. Hejinian observed Plaintiff
"laughing, telling jokes with a companion, quite comfortable and
in no visible distress," with "no trouble lying down on the exam
table or sitting back up."  *Id.*

As Plaintiff points out, some of her conditions, such as
fibromyalgia and migraine headaches, cannot be proved by

13 - OPINION AND ORDER

objective evidence and must be diagnosed based on subjective symptom reports.   Nevertheless, specific, legitimate reasons for rejecting a physician's opinion include a physician's reliance on a claimant's discredited subjective complaints.   *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).   As noted, the ALJ properly found Plaintiff's subjective symptom testimony not to be credible.   The ALJ thus had an additional specific, legitimate reason to reject Dr. Hurtado's opinion to the extent that Dr. Hurtado's opinion was based upon Plaintiff's subjective symptom testimony.   Tr. 18.

On this record, the ALJ provided legally sufficient reasons supported by substantial evidence on the record for rejecting Dr. Hurtado's opinion.

**III.   The ALJ did not err when he failed to include Plaintiff's gastroparesis as a severe impairment at Step Two.**

Plaintiff alleges that the ALJ erred when he failed to include Plaintiff's diagnosis of gastroparesis at Step Two.

Plaintiff testified that her gastroparesis-related symptoms were the same as her IBS symptoms.   Tr. 52.   The ALJ found Plaintiff's IBS to be severe at Step Two.   Tr. 15.   Finding Plaintiff's gastroparesis to be a severe impairment, therefore, would not introduce any additional functional limitations to Plaintiff's RFC.   *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).   On this record, the Court concludes any error in omitting Plaintiff's gastroparesis at Step Two was harmless.

14 - OPINION AND ORDER

*Lewis*, 498 F.3d at 911.

**IV.    The ALJ properly considered Plaintiff's obesity.**

Plaintiff contends the ALJ erred when he failed to consider the effect of Plaintiff's obesity in combination with her other impairments when assessing Plaintiff's RFC.

Social Security Regulations provide:

> Effects of obesity.  Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity.  The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately.  Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

20 C.F.R. pt. 404, subpt. P, app'x 1, listing 1.00(Q).  *See also* SSR 02-1p at *4-5 ("[I]n the absence of evidence to the contrary in the case record, we will accept a diagnosis of obesity given by a treating source or by a consultative examiner. . . .  [W]e will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.").

As noted, Plaintiff contends the ALJ did not consider Plaintiff's obesity in combination with her other impairments.

15 - OPINION AND ORDER

The record reflects Plaintiff is morbidly obese and weighs as much as 370 pounds at 5 foot 4 inches.  Tr. 15.  The ALJ, however, noted Plaintiff's diagnosis as morbidly obese, found it to be a severe impairment, and relied on Plaintiff's weight in conjunction with her other severe impairments as a basis for concluding Plaintiff's ability to do basic work activities is "significantly limited."  Tr. 15.

On this record, the Court concludes the ALJ considered Plaintiff's obesity in assessing Plaintiff's RFC.  The Court, therefore, concludes the ALJ did not err in his assessment of Plaintiff's RFC.[3]

## V.  The ALJ was not required to develop the record with respect to Plaintiff's mental impairments.

Plaintiff contends the ALJ failed to develop the record with respect to Plaintiff's mental condition because he did not order a consultative psychological examination.  The Commissioner bears the burden to develop the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).  When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  When

---

[3]Even if the ALJ had failed to consider Plaintiff's obesity, Plaintiff does not identify any specific functional limitations caused by her obesity that would impact the ALJ's analysis, and the RFC properly reflects the credible limitations supported by substantial evidence in the record.  *See Burch*, 400 F.3d at 682-83 (ALJ did not err by failing to consider claimant's obesity where claimant did not present any evidence that obesity limits her functioning).

making disability determinations,

> [i]f the evidence is consistent but we do not have
> sufficient evidence to decide whether you are
> disabled, or if after weighing the evidence we
> decide we cannot reach a conclusion about whether
> you are disabled, we will try to obtain additional
> evidence. . . . We will request additional
> existing records, recontact your treating sources
> or any other examining sources, ask you to undergo
> a consultative examination at our expense, or ask
> you or others for more information.

20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). The decision whether
to request a consultative examination is within the discretion of
the ALJ. See 20 C.F.R. §§ 404.1519(a), 416.919(a)("A consul-
tative examination may be purchased when the evidence as a whole,
both medical and nonmedical, is not sufficient to support a
decision on your claim.").

At the hearing, Plaintiff denied any psychiatric problems.
Tr. 63. Plaintiff attributed any difficulty with memory and
concentration to her fibromyalgia. Tr. 62. In 2009 Dr. Hurtado
described Plaintiff as only "mildly dysthymic." Tr. 650.
Despite Plaintiff's frequent contact with medical professionals,
no acceptable medical source ever diagnosed Plaintiff with a
mental impairment or referred Plaintiff for mental health
treatment. The ALJ thus relied upon a record showing little or
no mental impairment-related functional limitations, and the
evidence as a whole was sufficient to support his ultimate
determination. the Court, therefore, concludes the ALJ did not
err when he did order a consultative mental examination.

17 - OPINION AND ORDER

**VI.   The ALJ's finding at Step Four was not error.**

Because the ALJ's evaluation of the medical evidence and Plaintiff's testimony was legally sound, the Court concludes the ALJ did not err when he concluded at Step Four that Plaintiff is capable of performing her past relevant work.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 16th day of May, 2013.


ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER